## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| Kenneth C. Behrendt, | ) | Civil Case No.: 1:24-cv-334 |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | |
| | ) | **COMPLAINT** |
| Atos IT Solutions and Services, Inc., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Plaintiff Kenneth C. Behrendt, individually and in his capacity as the Sellers' Representative pursuant to the below-described agreements ("Behrendt" or "Plaintiff"), by and through undersigned counsel, as and for his Complaint against Defendant Atos IT Solutions and Services, Inc. ("Atos" or "Defendant") states and alleges as follows:

### PARTIES

1.      Behrendt is an individual residing in Minnesota and is a citizen of Minnesota for purposes of diversity jurisdiction.

2.      Atos is a corporation formed under the laws of the State of Delaware and maintains its principal place of business in Texas.  As such, Atos is a citizen of Delaware and Texas for purposes of diversity jurisdiction.

### JURISDICTION AND VENUE

3.      This Court has original jurisdiction over this action pursuant to 28 U.S.C. §1332(a)(1).

4.      This case satisfies both the diversity of citizenship and the amount in controversy requirements of 28 U.S.C. § 1332(a)(1) since Plaintiff on the one hand, and

Defendant on the other hand, are citizens of different states, and the amounts in controversy as set forth in the agreements at issue exceed $75,000 exclusive of costs and interest.

5.      Venue is proper in this Court pursuant to 28 U.S.C. 1391(b)(3) because, among other things, the Defendant is subject to the court's personal jurisdiction with respect to this action and the parties have consented to the laying of venue of any action arising out of the below-described Purchase Agreement in United States District Court for the Southern District of New York located in New York, New York.

<u>BACKGROUND AND FACTS</u>

6.      Plaintiff and Defendant are parties to that certain "Shares Purchase Agreement dated as of October 21 , 2020" (the "Purchase Agreement").

7.      The Purchase Agreement requires that Defendant pay a "Deferred Purchase Price" to "Sellers".

8.      Behrendt is one of the "Sellers" as that term is defined and used in the Purchase Agreement.

9.      Behrendt is the "Sellers' Representative" as that term is defined and used in the Purchase Agreement.

10.     Specifically, Section 2.4 of the Purchase Agreement states in pertinent part:

Deferred Purchase Price.

(a) The Deferred Purchase Price shall be paid to Sellers in three (3) equal installments …with respect to each of calendar years 2021, 2022, and 2023 (each of such years, the "Measurement Periods" and such payments, the "2021 Installment Amount," "2022 Installment Amount," and "2023 Installment Amount," respectively) except as follows:

\*      \*      \*

    (iii)    The 2023 Installment Amount shall not be paid by Buyer to any Sellers if, as of December 31, 2023 three (3) out of the ten (10) Key Employees (including their Leaver Replacement if any) employed by the Company or Atos Group as of January 1, 2023 has (A) resigned, or (B) been terminated by the Company or Atos Group with Cause unless, in each of the cases of (A) or (B), such Key Employee(s) has/have been replaced by a Leaver Replacement before 30rd (sic) June 2024.

11.    The Purchase Agreement requires that that 2023 Installment Amount be paid to Sellers subject to just one exception—the exception set forth in Section 2.4(a)(iii) regarding the number of Key Employees or Leaver Replacements employed between January 1, 2023 and December 1, 2023.

12.    All ten (10) of the Key Employees or their Leaver Replacements were employed continuously by the Company from January 1, 2023 to December 31, 2023.

13.    Between January 1, 2023 to December 31, 2023, none of the Key Employees or their Leaver Replacement (A) resigned, or (B) was terminated by the Company or Atos Group with Cause.

14.    As of December 31, 2023, none of the ten (10) Key Employees or their Leaver Replacement that were employed by the Company or Atos Group as of January 1, 2023 had (A) resigned, or (B) been terminated by the Company or Atos Group with Cause.

15.    Since all ten (10) of the Key Employees or their Leaver Replacements were employed continuously by the Company from January 1, 2023 to December 31, 2023, the sole exception set forth in section 2.4(a)(iii) to Atos' obligation to pay the 2023 Installment Amount does not apply and will never apply.

16.     Atos will never have a good faith basis for claiming that the exception set forth in section 2.4(a)(iii) applies to relieve it of its obligation to pay the 2023 Installment Amount.

17.     Sections 2.4(b), 2.4(c), 2.4(d) and 2.4(e) of the Purchase Agreement set forth a procedure pursuant to which the Sellers can establish an entitlement to receive an installment amount even if one of the exceptions set forth in Section 2.4(a)(i), Section 2.4(a)(ii) or Section 2.4(a)(iii) apply—i.e., if a Key Employee or Leaver Replacement resigns or is terminated during a measurement period and is replaced with a Leaver Replacement.

18.     Sections 2.4(b), 2.4(c) and 2.4(d) of the Purchase Agreement are not appliable to the 2023 Installment Amount because those sections only apply when an exception to the obligation to pay an installment amount exists and no exception exists to Atos' obligation to pay the 2023 Installment Amount.

**Defendant has a present obligation to pay the 2023 Installment Amount.**

19.     On January 2, 2024, although no notice was required under the Purchase Agreement, Plaintiff provided notice to Defendant that all ten (10) of the Key Employees or their Leaver Replacements as of January 1, 2023 were employed by the Company as of December 31, 2023.

20.     The 2023 Installment Amount is due and owing to Sellers.

21.     Payment of the 2023 Installment Amount by Atos is mandatory because the Purchase Agreement states that the "Deferred Purchase Price shall be paid to Sellers," subject only to an inapplicable exception.

22.     On January 5, 2024, Plaintiff, through his counsel, made a demand that Defendant pay the 2023 Installment Amount to Sellers by January 12, 2024.

23.     Defendant failed or refused to pay the 2023 Installment Amount to Plaintiff.

## COUNT I
## BREACH OF CONTRACT
(PURCHASE AGREEMENT)

24.     The previous allegations of this Complaint are realleged as if set forth fully herein.

25.     The Purchase Agreement is a valid and enforceable contract between Plaintiff and Defendant.

26.     All conditions precedent to Defendant's performance, if any, have been met, satisfied or waived.

27.     All ten (10) of the Key Employees or their Leaver Replacements as of January 1, 2023 were employed by the Company as of December 31, 2023.

28.     Because the only exception to Atos' payment obligation has been satisfied, the 2023 Installment Amount is due and owing to Sellers.

29.     As set forth above, Defendant breached the Purchase Agreement by, among other things, failing or refusing to pay the 2023 Installment Amount to Plaintiff and the other Sellers as required by the Purchase Agreement.

30.     As a direct and proximate result of Defendant's unlawful conduct, Plaintiff has suffered and will continue to suffer damages in an amount exceeding $75,000 exclusive of interest and costs.  Among other monetary remedies, Plaintiff seeks recovery of the costs

and expenses, including reasonable attorneys' fees he has incurred in enforcing the Purchase Agreement.

WHEREFORE, Plaintiff prays for relief and that the Court enter a judgment in his favor as follows:

1.      Awarding Plaintiff damages for breach of contract in an amount equal to the 2023 Installment Amount;

2.      Awarding Plaintiff damages for applicable interest, costs, and attorneys' fees pursuant to the Purchase Agreement's indemnity provisions;

3.      Awarding Plaintiff such other and further relief as may be just and equitable.

Dated:  January 16, 2024                WINTHROP & WEINSTINE P.A.

                                        By: /s/ *Devon C. Holstad*
                                        Devon C. Holstad (NY #5339221)
                                        225 South Sixth Street, Suite 3500
                                        Minneapolis, MN 55402
                                        Telephone: (612) 604-6400
                                        Facsimile: (612) 604-6800
                                        dholstad@winthrop.com

28084116v2